```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA

JOHN CROWE                                    CIVIL ACTION

VERSUS                                        NUMBER: 10-1815

JAMES M. LEBLANC, ET AL.                      SECTION: "R"(5)
```

### REPORT AND RECOMMENDATION

Presently before the Court is a motion (rec. doc. 10) filed on behalf of defendants, James Leblanc, Secretary of the Louisiana Department of Public Safety and Corrections, Robert Tanner, Warden of Rayburn Correctional Center ("RCC"), and RCC officials, Major Mike Todd, Executive Staff Officer Beverly Kelly, Lieutenant Samuel Tynes, and Sergeant Ellis Simon, to dismiss plaintiff's claims pursuant to Fed.R.Civ.P. 12(b)(6), along with a response (rec. doc. 12) filed by pro se plaintiff, John Crowe. For the reasons that follow, it is recommended that defendants' motion be granted.

### Standard of Review

Under the provisions of Federal Rule of Civil Procedure

1

12(b)(6), the Court must accept all well-pleaded facts as true and must review the facts in the light most favorable to the plaintiff. See Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996); American Waste & Pollution Control Co. v. Browning-Ferris, Inc., 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court must resolve all doubts as to the sufficiency of the claim in plaintiff's favor.  Vulcan Materials Co. v. City of Tehuacana, 238 F.3d 382, 387 (5th Cir. 2001).  Dismissal is warranted if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. Id.; Piotrowski v. City of Houston, 51 F.3d 512, 514 (5th Cir. 1995)(quoting Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994)).

**Plaintiff's Allegations**

In his complaint filed pursuant to 42 U.S.C. §1983, Crowe alleges that on December 10, 2009, Sergeant Ellis Simon falsely accused him of masturbating in the shower.  As a result of the accusation, Crowe was placed in administrative segregation. (Rec. doc. 3, pp. 6-7, ¶s 8, 10, 11 and 12).  Sergeant Simon charged Crowe with violating "Disciplinary Rule No. 30w" which prohibits "[a]ny behavior not specifically enumerated herein that may impair or threaten the security or stability of the unit or well-being of an employee, visitor, guest, offender or their families...." (Rec. doc. 3, p. 7, ¶s 12 and 13).

On December 11, 2009, in connection with the above "unconstitutionally vague and overbroad" charge, Crowe appeared before a disciplinary board chaired by Major Craig Kennedy. (Rec. doc. 3, p. 7, ¶ 14 and p. 9, ¶ 23). Rather than dismiss the false charge, as requested by Crowe, the December 11, 2009 disciplinary board "opted to defer the matter for investigation." (Rec. doc. 3, p. 7, ¶ 14).

On December 18, 2009, a second disciplinary board, comprised of Executive Staff Officer Beverly Kelly and Lieutenant Samuel Tynes, convened and wrongfully found Crowe guilty of violating Rule 30w. As punishment, Crowe lost his yard and recreation privileges for four weeks. The guilty finding also resulted in Crowe's "expulsion" from his dormitory, "Sleet 1", the "Faith and Character Based Dormitory." (Rec. doc. 3, pp. 7-8, ¶s 15 and 16).

In response to the disciplinary board's finding, Crowe filed an administrative grievance complaining that the board's decision was "manifestly erroneous", that the evidence "refuted" the charge, and that he had been subjected to "malicious and callous punishment". (Rec. doc. 3, p. 8, ¶ 18). On January 27, 2010, Warden Robert Tanner denied Crowe's administrative grievance. (Rec. doc. 3, p. 8, ¶ 19). On March 12, 2010, Linda Ramsey, acting on behalf of Secretary James Leblanc, declined to consider an appeal lodged by Crowe in connection with the denial of his

administrative grievance.  (Rec. doc. 3, p. 8, ¶ 20).

**Official-Capacity Claims for Monetary Damages**

Crowe indicates that he is suing the defendants both in their official and individual capacities.  However, to the extent Crowe is seeking monetary damages against defendants in their official capacities, those claims must be dismissed for the following reasons.

Defendants Tanner, Todd, Kelly, Tynes and Simon are employed at Rayburn Correctional Center.  They, along with defendant Leblanc, are officials or employees of the Louisiana Department of Public Safety and Corrections.  See, e.g., Searls v. Louisiana, 2008 WL 653043, *6 (E.D. La. Jan. 21, 2009); Demouchet v. Rayburn Correctional Center, 2008 WL 2018294, *3 (E.D. La. May 8, 2008).  State officials and employees sued in their official capacities for monetary damages are not "persons" subject to suit under 42 U.S.C. §1983.  Will v. Michigan Department of State Police, 491 U.S. 58, 71 (1989); Stotter v. University of Texas, 508 F.3d 812, 821 (5th Cir. 2007); American Civil Liberties Union v. Blanco, 523 F.Supp.2d 476, 479 (E.D. La. 2007); Searls, 2009 WL 653043, *6; Demouchet, 2008 WL 2018294, *3.

Moreover, even if they were considered "persons" subject to suit in this case, the claims would still fail for another reason.

Because a claim against a state official or employee in his official capacity for monetary damages is actually a claim against the state itself, such claims are barred by the Eleventh Amendment. Williams v. Thomas, 169 Fed. App'x 285, 286 (5th Cir. 2006); Searls, 2009 WL 653043, *6; Demouchet, 2008 WL 2018294, *3.

As to plaintiff's federal claims against the defendants in their individual capacities or in any capacity for injunctive or declaratory relief,[1] those claims should be dismissed with prejudice for the following reasons.

**Malicious Prosecution Claim**

Crowe claims that Sergeant Simon falsely charged him with violating "Disciplinary Rule No. 30w". The United States Fifth Circuit Court of Appeals has held that a prisoner's claim that he was falsely accused of a disciplinary infraction "is indistinguishable from a malicious prosecution claim." Ordaz v. Martin, 1993 WL 373830, *6 (5th Cir. 1993); see also Bradley v. Hammonds, 1998 WL 699106, *2 (5th Cir. 1998). In 2003, the Fifth Circuit reexamined the body of law regarding malicious prosecution

---

[1] A state official or employee sued in his official capacity is considered a "person" with respect to a §1983 claim for relief which is declaratory or injunctive in nature and prospective in effect. Stotter, 508 F.3d at 821; American Civil Liberties Union, 523 F.Supp.2d at 479. Further, the Eleventh Amendment does not bar such a claim. Aguilar v. Texas Department of Criminal Justice, 160 F.3d 1052, 1054 (5th Cir. 1998).

5

claims in federal civil rights actions and held that there is no "freestanding constitutional right to be free from malicious prosecution." Castellano v. Fragozo, 352 F.3d 939, 945 (5th Cir. 2003). Therefore, a prisoner's claim that disciplinary proceedings were wrongfully initiated against him fails to state a claim upon which relief may be granted. Figgs v. Vrazel, 106 Fed. App'x 260, 261 (5th Cir. 2004); see also Williams v. Dretke, 306 Fed. App'x 164, 166 (5th Cir. 2009); Palmisano v. Bureau of Prisons, 258 Fed. App'x 646, 648 (5th Cir. 2007)(noting that a prisoner's "assertion that defendants brought false charges against him does not alone implicate his constitutional rights").

**Wrongfully Disciplined Claim**

Crowe claims that the disciplinary board, comprised of Officer Kelly and Lieutenant Tynes, wrongfully found him guilty of violating "Disciplinary Rule No. 30w". A prison disciplinary proceeding does not give rise to a constitutionally protected liberty interest unless the restrictions imposed as a result of the proceeding constitute "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life," Sandin v. Conner, 515 U.S. 472, 484 (1995), or said restrictions will inevitably affect the duration of the prisoner's confinement. Id. at 484. In this case, the pertinent disciplinary proceeding resulted in Crowe's loss of yard and recreation privileges for a

6

period of four weeks and his expulsion from his dormitory, "Sleet 1", the "Faith and Character Based Dormitory".  Such a restriction or punishment is insufficient for purposes of warranting due process protection.

Alternatively, even if due process protection had been triggered by virtue of the above-described disciplinary action, Crowe, nevertheless, would not be entitled to relief.  In McCrae v. Hankins, 720 F.2d 863, 868 (5th Cir. 1983), the Fifth Circuit provided:

> Under Hewitt [v. Helms, 459 U.S. 460, 474, 103 S.Ct. 864, 873, 74 L.Ed.2d 675 (1983)], due process requires only that prison officials engage in an "informal, nonadversary review" of the evidence surrounding an inmate's restrictive confinement, and that the inmate receive "some notice of the charges against him and an opportunity to present his views to the prison official charged with deciding whether to transfer him to" restrictive confinement.

Crowe makes no complaint regarding the manner in which the disciplinary board carried out its duty in connection with the disciplinary charge lodged against him.  Instead, Crowe argues that the board reached the wrong conclusion in finding him guilty.  However, as the McCrae court noted, "[t]he constitution demands due process, not error-free decisionmaking...." Id. (citing Smith v. Rabalais, 659 F.2d 539, 545 (5th Cir. 1981)); see also Ramirez v. Ahn, 843 F.2d 864, 869 (5th Cir. 1988), cert. denied, 489 U.S. 1085, 109 S.Ct. 1545, 103 L.Ed.2d 849 (1989).

**Unresponsive Administrative Grievance Claim**

Crowe complains that in response to the disciplinary board's wrongful finding of guilt in connection with Sergeant Simon's false disciplinary charge, he filed an administrative grievance, but to no avail. Crowe informs that he received no relief in connection with RCC's administrative grievance procedure as Warden Tanner denied his grievance and Secretary Leblanc, via a representative, refused to consider his grievance. However, a prisoner has no constitutional right to an adequate and effective grievance procedure or to have his grievance investigated and resolved to his satisfaction. Milton v. Gusman, 2010 WL 4068484, *3 (E.D. La. Sept. 27, 2010) (Shushan, M.J.), (citing Propes v. Mays, 169 Fed. App'x 183, 184-185 (5th Cir. 2006); Geiger v. Jowers 404 F.3d 371, 373-374 (5th Cir. 2005)) (additional citations omitted).

**Failure to Train/Supervise Claim**

Crowe claims that Major Todd "failed to adequately supervise and train his subordinate officer or take necessary corrective action to prevent malicious and atypical treatment, in violation of the Fourteenth Amendment." (Rec. doc. 3, p. 10, ¶ E). Crowe seeks to hold Warden Tanner liable based upon his "failure to train subordinate staff, and failure to remedy obvious constitutional violations." (Rec. doc. 3, p. 11, ¶ D).

Under 42 U.S.C. §1983, the actions of a subordinate officer,

8

in this case, Sergeant Simon, cannot be imputed to supervisory officials, in this case, Major Todd and Warden Tanner, under a theory of vicarious liability. See <u>Alton v. Texas A&M University</u>, 168 F.3d 196, 200 (5th Cir. 1999). For either Major Todd or Warden Tanner to be held liable, there must be: a) a failure of the supervisory official to train or supervise the subordinates involved, b) a causal connection between the failure to train or supervise and the alleged constitutional violation, and c) evidence that the failure displayed "deliberate indifference" towards the rights of the complainant. <u>Thompson v. Upshur County, Texas</u>, 245 F.3d 447, 459 (5th Cir. 2001)(citing <u>Smith v. Brenoettsy</u>, 158 F.3d 908, 911-12 (5th Cir.1998) and <u>Doe v. Taylor Ind. School District</u>, 15 F.3d 443, 452-54 & nn. 7-8 (5th Cir. 1994)(<u>en banc</u>)). Alternatively, a supervisory official may be liable if he implemented a policy that is itself the "moving force of the constitutional violation." <u>Grandstaff v. City of Borger</u>, 767 F.2d 161, 169-70 (5th Cir. 1985), <u>cert</u>. <u>denied</u>, 480 U.S. 916, 107 S.Ct. 1369 (1987)(quoting <u>Monell v. Department of Social Services</u>, 436 U.S. 658, 694, 98 S.Ct. 2018, 2037 (1978)).

General allegations concerning either the "failure to train" or "moving force" theories, absent the proffer of specific facts pointing to liability, warrants dismissal of the claim. Specifically, absent allegations identifying which policies,

practices, or training led to the alleged misconduct of the subordinate officer, Sergeant Simon, Crowe cannot establish supervisory liability against either Major Todd or Warden Tanner.

**Claim Challenging Constitutionality of Disciplinary Rule 30w**

Crowe claims that "Disciplinary Rule 30w is unconstitutionally vague and overbroad on its face, in violation of the Fourteenth Amendment." (Rec. doc. 3, p. 9, ¶ 1.A.). Crowe, however, concedes that he did not raise his constitutional challenge to Rule 30w in his administrative grievance because "doing so would have been futile because prison officials have no authority to declare a rule unconstitutional...." (Rec. doc. 3, p. 9, ¶ 21).

42 U.S.C. §1997e(a), enacted in 1996 by the Prison Litigation Reform Act ("PLRA"), provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). The United States Supreme Court has further held that "an inmate must exhaust irrespective of the forms of relief sought and offered through administrative

avenues." <u>Booth v. Churner</u>, 532 U.S. 731, 741 n. 6 (2001). "Futility is not an exception to the exhaustion requirement." <u>Fontenot v. Global Expertise in Outsourcing</u>, 232 Fed. App'x 393, 394 (5th Cir. 2007).

## **RECOMMENDATION**

It is therefore recommended that defendants' motion be granted and that Crowe's claims, with the exception of his claim challenging the constitutionality of Disciplinary Rule 30w, be dismissed with prejudice for failure to state a claim upon which relief can be granted.

It is further recommended that Crowe's claim challenging the constitutionality of Disciplinary Rule 30w be dismissed without prejudice due to Crowe's failure to exhaust his administrative remedies as required under 42 U.S.C. §1997e.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  28 U.S.C.

§636(b)(1); Douglass v. United Services Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996)(en banc).[2]

New Orleans, Louisiana, this  3rd  day of     March     , 2011.

_____
ALMA L. CHASEZ
UNITED STATES MAGISTRATE JUDGE

---

[2]Douglass referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. §636(b)(1) was amended to extend that period to fourteen days.