```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


JOHN CROWE                                  CIVIL ACTION

VERSUS                                      NO: 10-1815

JAMES M. LEBLANC, ET AL.                    SECTION: R(5)
```

### ORDER

The Court, having reviewed *de novo* the record, the applicable law, the Magistrate Judge's Report and Recommendation, and the plaintiff's objection thereto, hereby approves the Magistrate Judge's Report and Recommendation and adopts it as its opinion.

Additionally, the Court denies plaintiff's request for appointment of counsel because that request is now moot. Further, even if plaintiff's request were not moot, section 1983 plaintiffs do not generally have a right to counsel, and the court is not required to appoint counsel for an indigent plaintiff unless the case presents "exceptional circumstances." *Dung Ngoc Huynh v. Baze*, 317 Fed.Appx. 397, 399 (5th Cir. 2009). In determining whether extraordinary conditions exist, courts consider "(1) the type and complexity of the case; (2) the plaintiff's ability to adequately present and investigate the

case; (3) the presence of a majority of evidence consisting of conflicting testimony which requires skill in the presentation of evidence and in cross-examination; and (4) the likelihood that the appointment will benefit the plaintiff, the defendants, and the court by shortening the length of the trial and assisting in a just determination of the case." *Id.* (citing *Parker v. Carpenter*, 978 F.2d 190 (5th Cir. 1992)). Here, plaintiff's claims are not complex, his pleadings adequately advance his claims, his claims are based largely on his own testimony and do not require extensive investigation, and the Court has disposed of the case before trial. Appointment of counsel would therefore be unwarranted even if the issue were not moot.

Accordingly,

IT IS ORDERED that plaintiff's claims, with the exception of his claim challenging the constitutionality of Disciplinary Rule 30w, are DISMISSED WITH PREJUDICE for failure to state a claim upon which relief can be granted.

IT IS FURTHER ORDERED that plaintiff's claim challenging the constitutionality of Disciplinary Rule 30w is DISMISSED WITHOUT PREJUDICE due to plaintiff's failure to exhaust his administrative remedies under 42 U.S.C. § 1997e.

IT IS FURTHER ORDERED that plaintiff's request for appointment of counsel is DENIED AS MOOT.

New Orleans, Louisiana, this  30th   day of March, 2011.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE